**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                              **Case No. 4:22-cr-00009-01-KGB**

MONTRELL AUSTIN                                                  DEFENDANT

## ORDER

On June 23, 2025, the Court conducted a final pretrial conference with counsel for the United States, defendant Montrell Austin, and counsel for Mr. Austin present. The Court made the following rulings and addressed the following matters:

1.      The Court will inform the jury to expect that trial will take three days. The Court reviewed with counsel and defendant an anticipated schedule for trial, with the understanding that the schedule may be modified as the need arises during the course of trial based on juror schedules and counsels' schedules, requests for recesses, and other matters.

2.      The Court will seat a 12-person jury with two alternates. Defendant will be permitted 10 preemptory strikes to the 12-person panel and one strike to the alternate-panel. The government will be permitted six preemptory strikes to the 12-person panel and one strike to the alternate-panel.

3.      The Court's practice is to instruct before closing and to send an agreed-upon, admitted set of exhibits and one set of instructions to the jury room during deliberation.

4.      The Court admonishes the parties to ensure that questions for witnesses are tailored and specific. The Court will not tolerate broad, vague questions that will only confuse the jury.

5.      The Court distributed a proposed summary of the Superseding Indictment that is acceptable to counsel for the government and for Mr. Austin.

6.    At this time, defendant will waive his right to be present at any bench conferences that might occur, but he may communicate clearly to the Court a desire to attend a bench conference before it commences if he opts to exercise his right to be present at a bench conference.

7.    The parties agreed that all plea offers made by the government were conveyed to Mr. Austin.

8.    The Court will advise the jury that, from time to time, counsel and assistants may need to move in and out of the courtroom and that the jury should draw no negative conclusion from that.

9.    Counsel for the government and for Mr. Austin have stipulated to certain matters, which stipulations were discussed at the pretrial conference.  Counsel are in agreement as to how these stipulations will be presented to the jury during trial.

10.    Federal Rule of Evidence 615(a) and (b) have been invoked by counsel for the government, with agreement by counsel for Mr. Austin.

11.    The government provided notice of intent to present evidence pursuant to Federal Rule of Evidence 404(b) as to Mr. Austin (Dkt. No. 93).  Mr. Austin filed a response in opposition to the admission of the Rule 404(b) evidence (Dkt. No. 105).  The Court determines that the proposed Rule 404(b) evidence is admissible under controlling case law.  Because Mr. Austin intends to assert a general denial defense, the proposed evidence is relevant to show his knowledge and intent.  *See United States v. Banks*, 706 F.3d 901, 907 (8th Cir. 2013) (quoting *United States v. Hawkins*, 548 F.3d 1143, 1147 (8th Cir. 2008)); *United States v. Lindsey*, 702 F.3d 1092, 1099 (8th Cir. 2013) (quoting *United States v. Anthony*, 537 F.3d 863, 866 (8th Cir. 2008)) (noting that Rule 404(b) evidence is admissible when a defendant places his state of mind in issue by asserting a general denial defense).  Further, the Rule 404(b) evidence is similar in kind, *see Hawkins*, 548

F.3d at 1147 (quoting *United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006)) (noting the prior conviction need not involve the same illegal drug as the charged offense), and not overly remote in time, *see United States v. Gaddy*, 532 F.3d 783, 789–90 (8th Cir. 2008) (admitting prior convictions four, ten, and 11 years old as not too remote in time); *United States v. Halk*, 634 F.3d 482, 487–88 (8th Cir. 2011) (noting that the amount of time of incarceration between offenses is an important consideration when ruling on admissibility). The Court will give a proposed limiting instruction to address any potential prejudice resulting from the introduction of such evidence, if requested. *See Banks*, 706 F.3d at 907; *United States v. Turner*, 583 F.3d 1062, 1066 (8th Cir. 2009); *Gaddy*, 532 F.3d at 790.

It is so ordered this 23rd day of June, 2025.

Kristine G. Baker
Chief United States District Judge